TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Bryan Garrison

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Garrison,<br><br>    Plaintiff,<br><br>  vs.<br><br>Bridgepoint Education d/b/a Ashford University; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Bryan Garrison, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and Defendant's repeated invasions of Plaintiff's personal privacy.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Bryan Garrison (hereafter "Plaintiff"), is an adult individual residing in, Green Valley, Arizona 85614, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. The Defendant, Bridgepoint Education d/b/a Ashford University (hereafter "Bridgepoint"), is a company with an address of,13500 Evening Creek Drive North, Suite 600, San Diego, California 92128, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Bridgepoint and whose identities are currently unknown to Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Bridgepoint at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last year, Bridgepoint contacted Plaintiff's cellular telephone [920-XXX-0157].

9. At all times mentioned herein, Bridgepoint placed calls to Plaintiff's cellular telephone by using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using an artificial or prerecorded voice ("Robocalls").

10. When Plaintiff answered Bridgepoint's calls, he was met with a prerecorded message, which provided information about Bridgepoint's services.

11. On other occasions, when Plaintiff answered Bridgepoint's calls, he was met with a period of silence before being connected to a live representative.

12. During a live conversation with Bridgepoint in May of 2014, Plaintiff requested that Bridgepoint cease all calls to his cellular telephone.

13. Despite Plaintiff's unequivocal request, Bridgepoint continued calling Plaintiff with ATDS and/or Robocalls at an excessive and harassing rate.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, et seq.

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

15. At all times mentioned herein, Defendant called Plaintiff on his cellular telephone using an ATDS or Predictive Dialer and/or by using an artificial or prerecorded voice.

16. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" 2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.*

17. Defendant's telephone systems have the earmarks of a Predictive Dialer.

18. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would connect him to the next available representative.

19. On other occasions, Plaintiff answered calls and was met with a Robocall, which contained a prerecorded message that provided information about Defendant's services.

20. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. Defendant continued to contact Plaintiff with ATDS and/or Robocalls after Plaintiff requested that Defendant cease all calls to his cellular telephone. As such, each call placed to Plaintiff after he revoked consent was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

22. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

# COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

28. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

29. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

30. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

31. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

32. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Treble damages for each violation to determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

    C. Actual damages;

    D. Punitive damages; and

    E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: December 3, 2014        LEMBERG LAW, LLC

By:   */s/ Trinette G. Kent*
Trinette G. Kent

Attorney for Plaintiff,
Bryan Garrison